# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:08-cr-00116-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ANTHONY ANTONIO SIMS. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Amendment to Judgment and Commitment Order" [Doc. 30].

The Defendant moves the Court to amend the Judgment in this matter by removing the requirement that the Defendant pay court-appointed counsel fee. [Doc. 30].

The Court is authorized to require repayment of funds for appointed counsel upon a finding that "funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f). In the present case, after considering the factors noted in 18 U.S.C. § 3572(a), the Court ordered the Defendant to reimburse the United States for court-appointed attorney's fees. The Defendant did not appeal this determination, and the Judgment is now final.

The Defendant does not cite to any authority by which the Court can now remit the requirement to reimburse the court-appointed fees, and the Court is not aware of any such authority. While the Court may modify a fine or special assessment based on a showing that reasonable efforts to collect are not likely to be effective, see 18 U.S.C. § 3573, a motion pursuant to § 3573 must be filed by the Government, see United States v. Roper, 462 F.3d 336, 341 (4th Cir. 2006) (holding that court may not remit without motion of government). Further, while the Fourth Circuit recently held that a reimbursement determination must be premised upon a finding of "specific funds, assets, or asset streams" available to the defendant, United States v. Moore, 666 F.3d 313, 322 (4th Cir. 2012), the Court is not aware of any case applying the requirements of Moore retroactively.

Even if there were an avenue by which the Court could afford relief, the Defendant has not provided a financial affidavit from which the Court could determine whether modification of the monthly payment amount would even be warranted in this case.

For the foregoing reasons, the Court finds that the defendant has not established that he is entitled to relief.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Amendment to Judgment and Commitment Order" [Doc. 30] is **DENIED.**

**IT IS SO ORDERED.**

Signed: December 3, 2013

Martin Reidinger
United States District Judge