IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-cv-00282-MR
(CRIMINAL CASE NO. 1:08-cr-00116-MR-1)

| | |
|---|---|
| ANTHONY A. SIMS, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and for Immediate Release. [Doc. 1]. Petitioner Anthony A. Sims is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

Petitioner moves for sentencing relief under 28 U.S.C. § 2255, arguing that his mandatory minimum sentence under the Armed Career Criminal Act ("ACCA") is no longer valid in light of Johnson v. United States, 135 S. Ct. 2551 (2015). In its response, the Government agrees that Petitioner no longer qualifies for a fifteen-year mandatory sentence under the ACCA. The Government has also declined to assert as a defense any waiver that Petitioner may have executed as part of his plea agreement, Petitioner's

forfeiture by procedural default, or the timeliness of Petitioner's motion. For the reasons set forth below, this Court will grant in part Petitioner's § 2255 motion.

I. **BACKGROUND**

In January 2009, Petitioner Anthony Antonio Sims pleaded guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). [Crim. Case No. 1:08-cr-00116 ("CR"), Doc. 14 at 3: PSR]. At sentencing, this Court adopted the conclusion in the presentence report that Petitioner had been convicted of four "violent felonies" qualifying him as an Armed Career Criminal: (1) Felony Assault with a Firearm on a Law Enforcement Officer in violation of North Carolina Law, N.C. Gen. Stat. § 14-34.5; (2) Felonious Breaking and Entering in violation of North Carolina Law, N.C. Gen. Stat. § 14-54(A); (3) Common Law Robbery in violation of North Carolina Law; and (4) Assault and Battery of a High and Aggravated Nature under South Carolina law. [CR Doc. 14 at 6]. Based on these prior convictions, the Court concluded that Petitioner qualified for a mandatory minimum prison sentence of fifteen years under the Armed Career Criminal Act ("ACCA"), which calls for a mandatory minimum prison sentence of fifteen years for any "person who violates section 922(g) and has three previous convictions . . . for a violent felony . . . committed on occasions

different from one another." 18 U.S.C. § 924(e)(1). [CR Doc. 26 at 12-13: Tr. of Sentencing Hr'g]. On September 17, 2009, this Court sentenced Petitioner to 180 months of imprisonment. [CR Doc. 17: Judgment]. The Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence on February 1, 2011. United States v. Sims, 410 F. App'x 666, 671 (4th Cir. 2011). Petitioner filed a motion under 28 U.S.C. § 2255 in June 2014, which he subsequently voluntarily dismissed under Federal Rule of Civil Procedure 41(a)(1). [Sims v. United States, Civil Case No. 1:14-cv-00152-MR: Docs. 1, 8].[1]

On December 16, 2015, Petitioner, through counsel, filed the instant motion to vacate his sentence. [Doc. 1]. The Government filed a Response on January 25, 2016 [Doc. 4], and Petitioner filed a Reply through counsel on January 29, 2016 [Doc. 5].

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings"

---

[1] The voluntary dismissal of this earlier motion was not an "adjudication on the merits," and thus the filing of the present motion to vacate does not trigger the "second or successive" procedures under § 2255(f). See Jackson v. United States, 245 F. App'x 258, 259 (4th Cir. 2007).

3

in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, and because the Government concedes that Petitioner is entitled to relief, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

As noted above, the Court found at sentencing that the following, four prior convictions qualified Petitioner for a mandatory minimum fifteen-year sentence under the ACCA: (1) Felony Assault with a Firearm on a Law Enforcement Officer in violation of North Carolina Law, N.C. Gen. Stat. § 14-34.5; (2) Felonious Breaking and Entering in violation of North Carolina Law, N.C. Gen. Stat. § 14-54(A); (3) Common Law Robbery in violation of North Carolina Law; and (4) Assault and Battery of a High and Aggravated Nature under South Carolina law ("ABHAN"). In his § 2255 motion, Petitioner argues that two of these four convictions no longer qualify as ACCA predicates. First, Petitioner argues that his North Carolina conviction for assault under N.C. Gen. Stat. § 14-34.5 does not qualify in light of Johnson and United States v. Vinson, 805 F.3d 120 (4th Cir. 2015) (holding that the defendant's prior North Carolina misdemeanor assault conviction did not categorically qualify as a conviction for the misdemeanor crime of domestic violence under

4

18 U.S.C. § 921(a)(33(A)).  Petitioner also argues that his South Carolina conviction for ABHAN no longer qualifies in light of United States v. Hemingway, 734 F.3d 323 (4th Cir. 2013).

In its response, the Government concedes that the South Carolina ABHAN conviction no longer qualifies as a predicate conviction under the ACCA.  In Johnson, the Court held that increasing a defendant's sentence under the "residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process."  135 S. Ct. 2551, 2563 (2015).  The South Carolina offense of assault and battery of a high and aggravated nature is not one of the enumerated offenses under the ACCA, nor does the offense meet the definition under the Act's force clause.  See United States v. Hemingway, 734 F.3d 323, 334 (4th Cir. 2013) (stating that "Johnson [v. United States, 559 U.S. 133 (2010)] precludes reliance on the force clause to count ABHAN as an ACCA predicate offense because ABHAN can be committed 'even if no real force was used against the victim.' ") (quoting State v. Primus, 349 S.C. 675, 564 S.E.2d 103, 106 n.4 (2002)).

The Government also asserts in its response that Petitioner's prior conviction for breaking or entering under N.C. Gen. Stat. § 14-54(a) no longer qualifies as a "violent felony" in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and Johnson v. United States, 135 S. Ct. 2551

5

(June 26, 2015).[2] As the Government explains in its response brief, after Simmons and Johnson, to qualify as a "violent felony," an offense must both (1) satisfy one of the substantive prongs of the violent-felony definition, see § 924(e)(2)(B)(i)-(ii), and (2) be "punishable by imprisonment for a term exceeding one year," see § 924(e)(2)(B). A conviction under N.C. Gen. Stat. § 14-54 satisfies the first requirement, as the Fourth Circuit has held that the offense qualifies as generic "burglary." See United States v. Mungro, 754 F.3d 267 (4th Cir. 2014). However, in light of Simmons, Petitioner's breaking-or-entering conviction does not satisfy the second of those two requirements because that conviction was not punishable by a term of incarceration for more than one year. Here, the state court judgment shows the offense was a Class H felony, the prior record level was II, and there was no finding of aggravating factors. [See Doc. 4-1 at 1: Ex.1]. Under the version of the applicable North Carolina sentencing statute in effect at the time of Petitioner's prior conviction, the greatest sentence Petitioner could have received for that conviction was eight months of imprisonment. See

---

[2] The Government has not taken a position as to whether the North Carolina assault conviction qualifies as a predicate conviction under the ACCA, and this Court need not decide that issue here because, as the Court concludes, at least two of the four convictions used as predicates for the ACCA sentence no longer qualify in light of Johnson and Simmons.

N.C. Gen. Stat. § 15A-1340.17(c),(d) (1997). Accordingly, in the light of Simmons, it is no longer a violent "felony" under the ACCA.

In his reply brief, Petitioner agrees with the Government that Petitioner's North Carolina conviction for breaking or entering does not qualify as a "violent felony" with the meaning of the ACCA. Thus, the parties agree that, at the least, after Simmons and Johnson, two of the four prior convictions used to qualify Petitioner for a mandatory minimum fifteen-year sentence are no longer predicate convictions under the ACCA.

The Court has considered the parties' arguments and agrees that Petitioner no longer has three predicate convictions that qualify him for a mandatory minimum fifteen-year sentence under the ACCA. The Court will, therefore, grant the motion to vacate so that Petitioner may be resentenced without application of a fifteen-year mandatory minimum sentence under the ACCA.

Petitioner urges the Court to resentence him to a sentence of time served resulting in his immediate release. For grounds, Petitioner contends that absent the ACCA enhancement, he should face an advisory guidelines range of 92 to 115 months[3]; that as of December 2015, he has served 90

---

[3] The Court notes that, without the ACCA enhancement, the Presentence Report calculates the Petitioner's total offense level to be 27, resulting in an advisory guidelines range of 130-162 months. [See CR Doc. 14 at ¶¶ 23-26].

months of imprisonment; and that his time served to the date of the filing of the motion "equates to approximately 104 months of time served considering good-time credit." [Doc. 1 at 3]. The Court declines to order the immediate release of Petitioner at this time for two reasons. First, Petitioner's recalculation of his Guidelines range may or may not be correct. While the parties agree that two of the four ACCA-qualifying predicates are infirm, the Government has taken no position with regard to Petitioner's North Carolina assault conviction and the Court, at this juncture, has no occasion to consider the Petitioner's arguments concerning the same. If this issue is raised or otherwise must be addressed at Petitioner's resentencing, the Court's determination of the same could impact Petitioner's Guidelines calculation. Second, Petitioner has not attached any BOP custodial time statement showing Petitioner's actual time served and projected release date with and without good time credits applied. The Congress has directed the BOP to make such calculations, not the parties. Barber v. Thomas, 560 U.S. 474 (2010). The Court will schedule a resentencing hearing for Petitioner on the next available sentencing term.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court grants Petitioner's motion to vacate and orders Petitioner to be resentenced in accordance with this Order. Petitioner's request for immediate release is denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and for Immediate Release [Doc. 1] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion to Vacate [Doc. 1] is **GRANTED** to the extent that Petitioner's sentence is hereby **VACATED**, and Petitioner shall be resentenced in accordance with this Order. All remaining provisions of Petitioner's Judgment [Criminal Case No. 1:08-cr-00116-MR-MR-DLH, Doc.17] shall remain in full force and effect. Petitioner's Motion for Immediate Release [Doc. 1] is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 23, 2016

Martin Reidinger
United States District Judge