THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00116-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **O R D E R** |
| ANTHONY ANTONIO SIMS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for the limited purpose of allowing this Court to rule on the Defendant's "Motion to Clarify or Correct Sentence under Rule 35(a) and Rule 36" [Doc. 46].

On June 7, 2016, this Court held a resentencing hearing in this case following its earlier Order vacating the Defendant's 180-month sentence under the Armed Career Criminal Act in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*). In advance of the resentencing hearing, defense counsel submitted an unopposed sentencing memorandum setting forth the issues to be addressed by the Court at the hearing. [See Doc. 42]. In that memorandum, the Defendant asserted that the Court would need to

"determine whether to re-impose the $770 assessment for court-appointed-counsel fees that was included in the original judgment." [Id. at 5]. Counsel further asserted that, in light of the Court's prior determination that the Defendant is indigent, the Court should conclude that he lacks the financial ability to pay court-appointed-counsel fees in light of United States v. Moore, 666 F.3d 313 (4th Cir. 2012).

At the resentencing hearing, the Court found that the Defendant did not have the ability to have a fine or interest. In addition, the Court did not re-impose the original assessment of $770 in court-appointed-counsel fees. [See Doc. 44 at 4]. Following the entry of the Amended Judgment, defense counsel was informed that the Clerk's office takes the position that the $770 assessment in the original judgment remains in effect and that, as a result, the Defendant would be required to pay the outstanding balance of $395. Defense counsel believes that the position of the Clerk's office conflicts with the Court's intent at resentencing and with Moore. Accordingly, counsel requests that the Court amend the judgment to clarify that the defendant lacks the financial ability to pay court-appointed-counsel fees and that, therefore, the $770 assessment in the original judgment is no longer in effect. [Doc. 46]. Counsel argues that doing so should clarify that the Defendant is

not required to pay additional fees going forward and allow the Clerk's office to consider the Defendant's request for a refund of those fees already paid.[1]

Defense counsel has consulted with counsel for the Government regarding the filing of this motion. Counsel for the Government agrees that the amended judgment should be amended so as to clarify that the Defendant is not required to pay any additional court-appointed counsel fees going forward.

The confusion in this case apparently arises from the fact that this Court in its earlier order vacated the Defendant's *sentence*, not the *judgment*. Without delving into the issue of whether ordering reimbursement of court-appointed counsel fees constitutes part of the sentence, the Court will clarify its intent. It was the intent of the Court that its prior order requiring the Defendant to reimburse the United States for court-appointed counsel fees be vacated and not re-imposed, as such requirement would be contrary to Moore. In order to avoid another motion, the Court will further state that it was its intent that the Defendant be refunded the portion of the reimbursement that he has heretofore paid.

---

[1] The Court expresses no opinion at this time as to whether the Defendant is entitled to a refund.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Clarify or Correct Sentence under Rule 35(a) and Rule 36" [Doc. 46] is **GRANTED**, and the Amended Judgment [Doc. 44] is hereby **AMENDED** so as to clarify that the Defendant is not required to pay any additional court-appointed counsel fees going forward.

**IT IS SO ORDERED.**

Signed: October 24, 2016

Martin Reidinger
United States District Judge